UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eric Flores

   v.                                    Civil No. 13-cv-001-SM

United States Attorney General et al.[1]

**REPORT AND RECOMMENDATION**

Eric Flores, a pro se litigant proceeding in forma pauperis, has filed a "Federal Tort Complaint Against Torture" (doc. no. 1). The matter is before the court for preliminary review to determine, among other things, whether the complaint is frivolous or malicious, or fails to state any claim upon which relief might be granted. See 28 U.S.C. § 1915(e)(2)(B); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B)(i).

**Standard for Preliminary Review**

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief

---

[1] In his complaint, Flores also names the United States Department of Health and Human Services and the "Public Health Service Named Sierra Medical Center" as defendants.

that is plausible on its face.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

> [A] court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional."  As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible.

Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325, 327-28 (1989)); see also Miller v. Kennebec Cnty. Sheriff's Dep't, 54 F.3d 764, 1995 WL 281644, *1 (1st Cir. 1995) (unpublished table decision).

## Background

In this putative class action, filed by plaintiff on behalf of himself and certain "Mexican American citizens," at least some of whom are plaintiff's family members, plaintiff alleges that

> diplomatic persons of another nation [] have solicitated [sic] an organized group of executive employees of the federal government that are persons of white American national origin whom reside in the geographic location of New Hampshire to use advanced technology with a direct signal to the satellite in outerspace that has the capability of calculateing [sic] a genetic code to cause the petitioner and his immediate relatives severe physical or mental pain for long durations exceeding calendar years which was equivalent in intensity to organ failure, impairment of body functions, and death.

2

Doc. No. 1, at 11-12.  Plaintiff alleges that the acts of defendants have caused harm to his family members, including, among other things: compelling Flores's mother to use cocaine, crash her car, develop "black and red bubbled abrasions" on her body, and suffer a body temperature of over 110°; and causing other relatives of Flores to use cocaine and suffer spinal pain, liver disease, kidney disease, and exposure to vulgar language.  Plaintiff alleges that several family members have died as a result of defendants' acts or omissions.  Plaintiff also claims that these harms are the result of the defendants retaliating against him for filing lawsuits.

**Discussion**

Since 2010, plaintiff has filed dozens of lawsuits all over the country, alleging claims substantially the same as those in this action, including cases appealed to the First Circuit from the United States District Courts in Maine and Massachusetts.  See, e.g., Flores v. Holder, Nos. 13-8003 and 12-2479 (1st Cir. Feb. 19, 2013) (affirming Flores v. U.S. Atty. Gen'l, No. 2:13-cv-00007-DBH (D. Me. Jan. 29, 2013), and Flores v. U.S. Atty. Gen'l, No. 4:12-cv-40154-TSH (D. Mass. Nov. 20, 2012)); Flores v. U.S. Atty. Gen'l, No. 2:13-cv-0053-DBH (D. Me. Feb. 15, 2013); Flores v. U.S. Dep't of Health and Human Servs., No. 2:12-cv-00189-DBH (D. Me. June 14, 2012).

The United States Supreme Court, as a result of Flores's abusive litigation tactics there, has restricted Flores's ability to file civil matters in that court.  See Flores v. Holder, 132 S. Ct. 2397 (2012) (denying leave to proceed in forma pauperis and dismissing petition for writ of certiorari), and federal district courts around the country have dismissed Flores's complaints as frivolous.  See, e.g., Flores v. U.S. Atty. Gen'l, No. 2:13-cv-0053-DBH, 2013 WL 1122719, *2 (D. Me. Feb. 26, 2013) (recommending that the court "join the long list of jurisdictions that have screened this or similar complaints filed by Flores and concluded that they contain 'the hallucinations of a troubled man'" (citation omitted)), report and recommendation adopted by 2013 WL 1122635 (D. Me. Mar. 18, 2013).

This court similarly finds the facts alleged in Flores's action before this court are irrational, baseless, and wholly incredible.  Flores's action is frivolous and should be dismissed.[2]  See Denton, 504 U.S. at 32-33; 28 U.S.C. § 1915(e)(2)(B)(i); LR 4.3(d)(1)(B)(i).

---

[2]The court does not at this time recommend that Flores's litigation in this court be preemptively restricted, as Flores's behavior in this court has not, to date, been sufficiently abusive or vexatious to so warrant.  The court warns Flores, however, that the filing of any new action here concerning the claims asserted in the instant action may well provoke an order restricting Flores's ability to file cases in this court.

**Conclusion**

For the foregoing reasons, the court should dismiss this action with prejudice. Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

May 31, 2013

cc: Eric Flores, pro se

LBM:jba

5